# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| R.E.S.V. and J.A.S.V.,<br><br>          Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | Case No.: 2:24-cv-12863-SKD-CI<br><br> Hon. Susan K. DeClercq<br>Magistrate Judge: Curtis Ivy, Jr.<br><br>**PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS** |

Plaintiffs, by and through their attorneys, respectfully request that the Court permit Plaintiff R.E.S.V. to proceed in this action under a pseudonym for the reasons stated in the contemporaneously filed brief.

Plaintiffs have not sought Defendant's concurrence in the motion due to the emergent nature of the request, given that the complaint in this action was recently filed, and as Plaintiffs have not yet served Defendant, Defendant accordingly has not filed an appearance in this case. *See* LR 7.1(2)(C).

Specifically, Plaintiffs request that the Court enter an order:

1. Affirming that Plaintiff J.A.S.V. may proceed under pseudonym, as he is a minor and Federal Rule of Civil Procedure 5.2(a) requires the redaction of the names of minor children.

2. Granting Plaintiff R.E.S.V. leave to proceed in this matter under a pseudonym;

3. Ordering that all parties shall submit pleadings, briefing, and evidence using Plaintiffs' pseudonyms instead of their real names or other personally identifying information; and

4. Providing that, because the motion is granted before service of Defendant, the Court will allow Defendant to seek reconsideration to oppose the motion within 30 days of the date of service on the U.S. Attorney's Office for the Eastern District of Michigan.

DATED this 1st day of November 2024

Respectfully submitted,

*s/ Julianna Rivera Maul*
Julianna Rivera Maul, SBN P75625
**THE LAW OFFICE OF JULIANNA RIVERA, P.C.**
1101 Fifth Ave, Suite 360
San Rafael, CA 94901
Tel: 510-473-2141
Fax: 510-500-9804
julianna@juliannariveralaw.com

*Counsel for Plaintiffs R.E.S.V. and J.A.S.V.*

CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2024, I electronically filed the foregoing document and accompanying proposed order with the Clerk of the Court using the CM/ECF system. I further certify that I will mail Defendant United States of America a copy of this document and the accompanying proposed order via certified, first-class mail.

Dated: November 1, 2024

*s/ Julianna Rivera Maul*
Julianna Rivera Maul, SBN P75625
**THE LAW OFFICE OF JULIANNA RIVERA, P.C.**
1101 Fifth Ave, Suite 360
San Rafael, CA 94901
Tel: 510-473-2141
Fax: 510-500-9804
julianna@juliannariveralaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| R.E.S.V. and J.A.S.V., <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Defendant. | Case No.: 2:24-cv-12863-SKD-CI <br> Hon. Susan K. DeClercq <br> Magistrate Judge: Curtis Ivy, Jr. <br><br><br> **BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS** |

## INTRODUCTION

Plaintiffs R.E.S.V. and J.A.S.V. (hereinafter, Plaintiffs)[1] request this Court's leave to proceed under pseudonyms to protect their identities from public disclosure. Plaintiffs already have disclosed their identities to Defendant[2] and will disclose their identities to the Court.

Plaintiff R.E.S.V. is a mother who came to the United States from El Salvador seeking asylum while 8 months pregnant. Yet rather than giving her an opportunity to seek protection from persecution and torture, Defendant took her into custody and then expelled her to Mexico twice, including once with her United States citizen newborn baby, J.A.S.V., to dangerous conditions in Mexico within days of giving birth by emergency cesarean. Plaintiff R.E.S.V. has since been paroled into the United States and is seeking asylum and related protections based on fear that she would be harmed if she is deported to her country-of-origin, El Salvador.

Plaintiffs R.E.S.V.'s and J.A.S.V.'s claims under the Federal Tort Claims Act (FTCA) in this case involve the substantial trauma caused to Plaintiffs by the

---

[1] Plaintiff R.E.S.V. brings this action on her own behalf and on behalf of her minor child, Plaintiff J.A.S.V. Because Federal Rule of Civil Procedure 5.2(a) already requires redaction of the names of minor children, Plaintiffs seek protection only for plaintiff R.E.S.V.
[2] Plaintiffs already disclosed their full names to the relevant government agencies in their administrative claims filed pursuant to 28 U.S.C. § 2401(b).

1

expulsions and subsequent period of time spent forced to live in unsafe conditions in Mexico.

Allowing Plaintiff R.E.S.V. to proceed under pseudonyms is necessary to protect both her and her child's highly sensitive and personal information. Because Plaintiffs do not seek to withhold their identities from the government, granting this motion would cause no prejudice to Defendant. Plaintiffs' need for privacy outweighs any public interest in knowing their identities.

## ARGUMENT

**I.  Courts Regularly Allow Vulnerable Plaintiffs to Proceed Under Pseudonyms.**

Although Rule 10(a) of the Federal Rules of Civil Procedure generally requires complaints to include the names of all parties, it is well-established that federal courts have discretion to "excuse plaintiffs from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).  Courts permit pseudonyms in cases where "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Id*. In considering whether to allow a plaintiff to proceed anonymously, courts in this circuit consider several non-exclusive factors, including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to

>   violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Doe*, 370 F.3d at 560 (citation omitted)(quotes in original).

Additionally, in keeping with these factors, courts across the country regularly allow plaintiffs to proceed anonymously where, as here, the plaintiffs' mental health is a principal issue in the case. *See, e.g., Doe v. Fedex Ground Package Sys., Inc.*, No. 3:21-cv-00395, 2021 WL 5041286, at *8 (M.D. Tenn. Oct. 21, 2021) (permitting the plaintiff to proceed under a pseudonym where, among other factors, the use of her name "would have a substantial likelihood of causing secondary trauma" that would affect her mental health and recovery); *Doe v. Mechanicsburg Sch. Bd. of Educ.*, 518 F. Supp. 3d 1024, 1027 (S.D. Ohio 2021) ("Anonymity also protects minors with sensitive mental health histories."); *Doe v. Sessions*, No. 18-0004 (RC), 2018 WL 4637014, at *4 (D.D.C. Sept. 27, 2018) (allowing use of pseudonym to protect the plaintiff from disclosing his mental health conditions and Asperger's diagnosis and to prevent further trauma to the plaintiff); *Doe v. Hartford Life & Accident. Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006) (permitting pseudonymous filing where the plaintiff's mental health was "directly tied to the subject matter of the litigation").

Moreover, courts, including the U.S. Court of Appeals for the Sixth Circuit, repeatedly have permitted individuals seeking asylum and other protection against

deportation to proceed under pseudonyms and/or redact their names from court documents, including where the applicant's mental health is a principal issue in the case. *See, e.g.*, *Doe v. I.N.S., U.S. Dep't of Just.*, 867 F.2d 285, fn. 1 (6th Cir. 1989); *W.G.A. v. Sessions*, 900 F.3d 957, 960 n.1 (7th Cir. 2018); *Doe v. Blinken*, No. 2:22-cv-01841 WBS CKD, 2022 WL 17067480, at *1-2 (E.D. Cal. Nov. 17, 2022); *Ms. Q. v. U.S. Immigration and Customs Enforcement*, No. 1:18-cv-02409, 2018 WL 10050939, at *3 (D.D.C. Oct. 24, 2018); *Al Otro Lado v. Nielsen*, No. 17-cv-02366-BAS-KSC, 2017 WL 6541446, at *4 (S.D. Cal. Dec. 20, 2017); *A.B.T. v. U.S. Citizenship & Immigr. Servs.*, No. 2:11-cv-02108 (RAJ), 2012 WL 2995064, at *6 (W.D. Wash. July 20, 2012).

Indeed, in recognition of the highly sensitive, private nature of information related to asylum applications, federal law and policy mandate that information concerning such applications, including their existence, be kept confidential in most situations. 8 C.F.R. § 208.6. The Department of Homeland Security has acknowledged the importance of these confidentiality regulations to the safety of asylum seekers who remain at risk of deportation:

> [C]onfidentiality regulations are of utmost importance in protecting asylum applicants because the "regulations safeguard information that, if disclosed publicly, could subject the claimant to retaliatory measures by government authorities or non-state actors in the event that the claimant is repatriated . . . ."

4

*Anim v. Mukasey*, 535 F.3d 243, 253 (4th Cir. 2008) (*quoting U.S. Citizenship & Immigr. Servs. Asylum Div., U.S. Dep't of Homeland Sec., Fact Sheet: Federal Regulations Protecting the Confidentiality of Asylum Applicants* (2005)).

Finally, courts have also deemed the plaintiffs' immigration status to be sufficiently sensitive and personal in nature to justify the use of pseudonyms. *See, e.g., Nazih v. Cafe Istanbul of Columbus, LLC*, No. 2:17-CV-947, 2018 WL 4334613, at *4 (S.D. Ohio Sept. 11, 2018) (recognizing "the need to protect the rights [by use of pseudonyms] of undocumented workers, an exceptionally vulnerable population"); *Hispanic Int. Coal. of Ala. v. Gov. of Ala.*, 691 F.3d 1236, 1247 & n.8 (11th Cir. 2012) ("Moreover, revealing the [undocumented] status of children could lead to criminal prosecution, harassment, and intimidation"); *Lozano v. City of Hazelton*, 620 F.3d 170, 195 (3d Cir. 2010), *judgment vacated on other grounds sub nom. City of Hazleton, Pa. v. Lozano*, 563 U.S. 1030 (2011) (affirming district court's order permitting the use of pseudonyms where plaintiffs, "because of their unlawful status, would face an 'exponentially greater' risk of harassment, and even physical danger, if their identities were revealed") (citation omitted); *cf. Int'l Refugee Assistance Project v. Trump*, No. TDC-17-0361, 2017 WL 818255, at *2 (D. Md. Mar. 1, 2017) (granting motion to proceed under

pseudonyms in part to protect plaintiffs' relatives' "problematic immigration status").

## II. The Court Should Grant Plaintiffs' Motion to Proceed Under Pseudonyms.

### a. Plaintiffs Seek to Protect R.E.S.V.'s Privacy in a Matter of Sensitive and Highly Personal Nature and to Protect Against the Risk of Retaliatory Harm.

Plaintiffs' claims are centered on the substantial trauma and harm that Plaintiff R.E.S.V. and her child J.A.S.V. experienced when Defendant's agents detained her while she was in labor, failed to provide her with the care due to pregnant and postpartum individuals in custody, and then, within 2 days following an emergency surgery (cesarean), expelled Plaintiffs from the United States to dangerous conditions in Mexico, despite Plaintiff R.E.S.V.'s fear of persecution or torture in Mexico and her country of origin. Moreover, the claims address how a CBP agent assaulted R.E.S.V. when she was 8 months pregnant, including by violently throwing her to the ground and holding her face down with his knee pressed on her body. Thus, the litigation necessarily will require the disclosure of information related to R.E.S.V.'s private mental and physical health information. *See, e.g.*, ECF No. 1., Compl. ¶¶ 29-45 (describing the circumstances of Plaintiff R.E.S.V. being assaulted by an CBP agent and also giving birth while detained by Defendant and the harm, distress, and mental health conditions caused by their

6

subsequent expulsion, without support or money and with her newborn baby J.A.S.V., to Mexico).

The Court should permit Plaintiff R.E.S.V. to proceed under pseudonyms to protect her privacy regarding these sensitive and highly personal issues, the release of which could be stigmatizing and risk further traumatizing her if publicly disclosed. *See, e.g., Doe by & through Doe v. St. Edward High Sch.,* No. 22-CV-440, 2022 WL 2717018, at *3 (N.D. Ohio July 13, 2022) (allowing use of pseudonym where the plaintiff was the victim of sexual assault and where "publicity of these events could result in additional psychological harm" and "retraumatization if . . . required to litigate in his real name"); *Doe v. Dep't of Homeland Sec.*, No. 1:23-CV-517, 2023 WL 8936280 at * (S.D. Ohio Dec. 27, 2023) (allowing use of pseudonym because, "[i]n pursuit of her claims, the Plaintiff will be required to disclose extremely private information"); *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011) (allowing use of pseudonym where litigation involved "'the emotional and psychological impact of being a victim of human trafficking'" and where "publication of [plaintiff's] name would open her to inquiries from the press and other interested individuals," compromising her ability to recover from her trauma).

7

Additionally, permitting Plaintiff R.E.S.V. to proceed under a pseudonym will ensure that her minor child's identity is protected. Federal Rule of Civil Procedure 5.2(a)(3) requires redaction of minor children's names to protect their privacy. Revealing the name of J.A.S.V.'s mother, who is bringing this suit on behalf of both herself and her child, risks exposing sufficient information to allow members of the public, media, or others to uncover J.A.S.V.'s identity, and would thus undermine the objectives of Rule 5.2(a)(3). *See Mechanicsburg Sch. Bd. of Educ.*, 518 F. Supp. 3d at 1027-1028 (allowing the parent to proceed using initials to protect the identity of a minor child); *Bd. of Educ. of the Highland Loc. Sch. Dist. v. U.S. Dep't of Educ.*, No. 2:16-CV-524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016) (granting a request for a minor's legal guardians to proceed pseudonymously after assessing harm of disclosure to the minor, as "a filing with [the minor]'s initials and her legal guardians' full names would make her easily identifiable"); *R.N. by & through R.T. v. Franklin Cmty. Sch. Corp.*, No. :19-cv-01922-MJD-TWP, 2019 WL 4305748, at *4 (S.D. Ind. Sept. 11, 2019); *see also Doe v. Heritage Acad., Inc.*, No. CV-16-03001-PHX-SPL, 2017 WL 6001481, at *10 (D. Ariz. June 9, 2017).

Moreover, Plaintiff R.E.S.V., who is seeking relief from deportation, "presently ha[s] a problematic immigration status that, if disclosed, could dissuade . . . Plaintiffs from pursuing their rights in court." *Int'l Refugee Assistance Project*,

8

2017 WL 818255, at *2 (*citing Lozano v. City of Hazelton*, 496 F. Supp. 2d 477, 510 (M.D. Pa. 2007) ("considering the plaintiffs' "problematic immigration status" as undocumented immigrants as a basis to permit the use of pseudonyms in a case challenging local ordinances")(parenthetical in original following citation), *aff'd in relevant part*, 620 F.3d 170 (3d Cir. 2010), *cert. granted, judgment vacated and remanded on other grounds sub nom. City of Hazleton v. Lozano*, 563 U.S. 1030 (2011)). Permitting Plaintiff R.E.S.V. to proceed under a pseudonym will allow her to pursue her rights without fear of retaliation.

### b. Defendant Will Not Be Prejudiced if Plaintiff R.E.S.V. Uses a Pseudonym in Publicly Filed Documents.

Granting Plaintiffs' request that Plaintiff R.E.S.V. proceeds under a pseudonym will not prejudice Defendant because it does not limit the "defense counsel's scope of discovery" or its ability to litigate the case. *Porter*, 370 F.3d at 561; *see also Does I thru XXII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000). Defendant will experience no prejudice because Plaintiffs do not seek to conceal their names from Defendant, but only to use pseudonyms in publicly filed documents in this case. *See, e.g., Doe v. Streck*, 522 F. Supp. 3d 332, 334 (S.D. Ohio 2021)("As Defendants have already been provided with Plaintiffs' first and last names, Defendants will not be prejudiced if Plaintiffs proceed pseudonymously"); *Doe v. City of Detroit*, No. 18-CV-11295, 2018 WL 3434345,

9

at *3 (E.D. Mich. July 17, 2018) (finding that the defendant was not prejudiced by the plaintiff remaining anonymous throughout discovery where the defendant would be provided with the plaintiff's identity).

Moreover, that this action is against the federal government rather than a private party weighs in favor of permitting Plaintiffs to proceed under pseudonyms. "Courts are more likely to permit plaintiffs to proceed under pseudonym when they are pursuing a claim against the government" because "although the mere filing of a lawsuit against a private party may cause the defendant reputational and economic harm, such that fairness requires the identification of the plaintiffs, the government is not vulnerable to similar reputational harm." *Int'l Refugee Assistance Project*, 2017 WL 818255, at *3; *see also EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003).

### c. The Public Interest Weighs in Favor of Allowing Plaintiffs to Challenge Government Action Pseudonymously.

In contrast to Plaintiffs' heightened interest in confidentiality, the public's interest in knowing Plaintiff R.E.S.V.'s identity is minimal. While the issues that Plaintiffs raise in this lawsuit are a matter of significant public concern, revealing Plaintiff R.E.S.V.'s identity will add little or nothing to the public's understanding of the lawfulness of the government action at issue in this case. *See Advanced Textile Corp.*, 214 F. 3d at 1068-69 ("[P]arty anonymity does not obstruct the

public's view of the issues joined or the court's performance in resolving them.") (brackets in original), *quoting Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981))

Indeed, courts have observed that there is a public interest in allowing pseudonymous filing where, as here, the plaintiffs are challenging the lawfulness of government activity. *See Doe v. Whitmer*, No. 1:19-CV-422, 2019 WL 4645686, at *2 (W.D. Mich. July 1, 2019), report and recommendation adopted, No. 1:19-CV-422, 2019 WL 4643706 (W.D. Mich. Sept. 24, 2019); *see also EW*, 213 F.R.D. at 111 (holding that when challenging government activity a plaintiff's interest in anonymity is "particularly strong" because "plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights"). Accordingly, the public interest weighs in favor of allowing Plaintiffs to proceed under pseudonyms.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant this motion and permit Plaintiff R.E.S.V. to proceed under a pseudonym.

Dated: November 1, 2024

Respectfully submitted,

> *s/ Julianna Rivera Maul*
> Julianna Rivera Maul, SBN P75625
> **THE LAW OFFICE OF JULIANNA RIVERA, P.C.**
> 1101 Fifth Ave, Suite 360
> San Rafael, CA 94901

11

Tel: 510-473-2141
Fax: 510-500-9804
julianna@juliannariveralaw.com

12