UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

R.E.S.V. and J.A.S.V.,

        Plaintiffs,                      Case No. 2:24-cv-12863

v.                                         Honorable Susan K. DeClercq
                                                United States District Judge

UNITED STATES OF AMERICA,

        Defendant.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS

On October 30, 2024, Plaintiffs filed a complaint against the United States of America under the Federal Tort Claims Act, alleging false imprisonment, negligence, intentional infliction of emotional distress, and assault. ECF No. 1. On November 1, 2024, Plaintiff R.E.S.V., filing on her own behalf and on behalf of her minor son, Plaintiff J.A.S.V., filed a motion to proceed under a pseudonym "to protect both her and her child's highly sensitive and personal information." ECF No. 4 at PageID.44.

As of the filing of Plaintiffs' Motion, Defendant has not been served in this matter. As such, the government has not been afforded an opportunity to respond or oppose the motion. This Court recognizes the potential sensitivity of this case, which, like many tort cases, alleges serious and distressing facts. Further, this Court

acknowledges that a denial at this stage could not effectively be reconsidered after service; once the Plaintiffs' names are in the public record, such an action cannot be undone. However, this Court does believe that the government should be given the opportunity to respond, especially if there are any concerns as to the public's access to the courts.

The Sixth Circuit established that courts have the discretion to allow the use of pseudonyms where "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In reaching this determination, courts should consider:

> (1) Whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy;" (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* At this stage, it appears that at least the first two of these criteria may apply to Plaintiff R.E.S.V. As to the second criteria in particular, the sensitivity of the claims as alleged, as well as Plaintiff R.E.S.V.'s alleged status as an asylum-seeker, persuade this Court that, absent any future objection from the government, it is appropriate to allow Plaintiffs to proceed in this litigation under pseudonyms going forward.

Accordingly, the Plaintiffs' Motion is **GRANTED,** and **IT IS FURTHER ORDERED** that:

(a) The parties shall refer to Plaintiffs by the pseudonyms "R.E.S.V." and "J.A.S.V." in all filings and public proceedings;

(b) All parties shall submit pleadings, briefing, and evidence using Plaintiffs' pseudonyms instead of their real names or other personally identifying information; and

(c) Defendant may oppose Plaintiffs' Motion to Proceed Under Pseudonyms by filing a motion to reconsider within 30 days of the date of service on the U.S. Attorney's Office for the Eastern District of Michigan.

Dated: 11/12/2024

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge