UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

R.E.S.V. and J.A.S.V.,

                  Plaintiffs,                Case No. 2:24-cv-12863

v.                                     Honorable Susan K. DeClercq
                                        United States District Judge

UNITED STATES OF AMERICA,

                  Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER**
**(ECF No. 12)**

Around May 2021, Plaintiff R.E.S.V., a Salvadoran woman seeking asylum, entered the United States from Mexico, arriving near Eagle Pass, Texas. ECF No. 1 at PageID.12. R.E.S.V. alleges that, upon her crossing, U.S. Customs and Border Protection (CBP) agents assaulted her—despite her being nine months pregnant— and expelled her from the country. *Id.* at PageID.13–14. Soon after, she again crossed into United States and was again apprehended by CBP. *Id.* at PageID.15. But this time, while still in Texas, she gave birth to her child, Plaintiff J.A.S.V., via emergency C-section. *Id.* at PageID.16. Only two days later—despite R.E.S.V.'s abdomen having recently been sliced open, and despite her newborn son's U.S.-citizen status—CBP deported them back to Mexico. CBP allegedly forced R.E.S.V. to walk across the border carrying her newborn without any pain medication. *Id.* at

PageID.17–18.

Thus, in October 2024, Plaintiffs, who now reside in Michigan, filed a complaint in the Eastern District of Michigan against the United States of America under the Federal Tort Claims Act (FTCA), alleging false imprisonment, negligence, intentional infliction of emotional distress, and assault. ECF No. 1. On February 14, 2025, the Government moved to transfer the case to the Western District of Texas. ECF No. 12.

Under the Civil Rules, a district Court may, "for the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought. . . ." 28 U.S.C. § 1404(a). "Courts have broad discretion to grant or deny a motion for transfer of venue under [§] 1404(a)." *Perceptron, Inc. v. Silicon Video, Inc.*, 423 F. Supp. 2d 722, 729 (E.D. Mich. 2006). The movant bears the burden of demonstrating, by a preponderance of the evidence, that "fairness and practicality strongly favor the forum to which transfer is sought." *Id.*

When it is undisputed that an action could have been brought in an alternative forum—in this case, the Western District of Texas—the question becomes "whether a transfer is in the interests of justice." *Id.* In reaching such a determination, the district court may consider the following factors:

(1) The convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the

convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Id.*

Here, the factors weigh against transfer. To start, Plaintiffs chose the Eastern District of Michigan, their home district, as the forum. *See* ECF Nos. 1, 12. And typically, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (quoting *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir. 1984)). So unless the remaining factors strongly favor transferring the case to Texas, that choice will be honored. *Reese*, 574 F.3d at 320.

The remaining factors, however, are split between favoring Michigan and Texas. The following factors weigh in favor of transfer to Texas:

(1) convenience of the witnesses and availability of judicial process: most of the key non-party witnesses in this matter are in or within 100 miles of the Western District of Texas;

(2) locus of operative facts and events: the events in this case entirely occurred in or around Eagle Pass, Texas, in the Western District of Texas;

(3) each judicial forum's familiarity with the governing law: under the FTCA, Texas law will apply to this case.

But the remaining factors either favor Michigan or do not weigh in favor of either forum. In particular, there is no reason to believe that there will be difficulty producing any of the relevant documents or sources of proof in either forum. Further,

the Eastern District of Michigan's dockets are no more congested than those of the Western District of Texas, so concerns about efficiency do not justify transfer.

In the end, both parties would bear *some* inconvenience in either forum, but Texas is not so much more convenient a forum as to overcome the "great deference" afforded to "a domestic plaintiff initiat[ing] a suit in his home forum." *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 493 (6th Cir. 2016).

Not to mention, this deference is especially necessary in a case like this one, where there is a *colossal* disparity between the financial means and resources of the parties. Indeed, other courts have already recognized as much. For instance, in *Tanyike v. United States*, the district court denied the Government's motion to transfer an FTCA case to the border district where the events occurred, emphasizing the "key factor" of the disparity between the parties:

> On one side, the Government possesses a deep pool of resources and can wield the power of the federal government to its advantage. On the other side is an individual with virtually nothing to his name, who came to this country from thousands of miles away. Virtually no other instance could more emphatically demonstrate the disparity that can exist between two parties than that of the power of the Federal Government versus an individual. With all else in balance, the access of an individual to the Court of his choosing in an action alleging abuse by the Government should be respected.

603 F. Supp. 3d 572, 584 (S.D. Ohio 2022). With nearly the same facts before this Court, it is likewise clear that transferring this action to the Western District of Texas "would not serve the interests of justice." *Id.*

Accordingly, Defendant's Motion to Transfer, ECF No. 12, is **DENIED.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: March 21, 2025